IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GUTIANEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No.  CIV-06-671-T |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This matter is before the court for review of the Report and Recommendation entered by the Honorable Doyle W. Argo on July 11, 2006, in which he recommended the Petition for Writ of Habeas Corpus be dismissed on filing as time-barred.  Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's objections thereto, and the case file.

In his timely filed objections, petitioner argues equitable tolling should apply because he is actually innocent of the first degree burglary charge to which he pled

guilty.[1]  Equitable tolling is limited "to 'rare and exceptional' circumstances."  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003) (*quoting* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient.

Burger, 317 F.3d at 1141-42 (*quoting* Gibson, 232 F.3d at 808).  Equitable tolling, however, "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

The court finds equitable tolling is not warranted in this case.  Regardless of whether petitioner can establish actual innocence,[2] it is clear he has failed to

---

[1] Petitioner does not, however, contend that he is actually innocent of the other crimes to which he also pled guilty.  In addition to his sentence on the burglary charge, petitioner was sentenced to concurrent terms of one year and ten years imprisonment after pleading guilty to one count of domestic abuse assault and battery and one count of possession of a controlled dangerous substance.

[2] To establish actual innocence, petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." United States v. Powell, 159 F.3d 500, 502 (10th Cir.1998), *cert. denied*, 525 U.S. 1168 (1999) (quotation omitted).  In support of his actual innocence claim, petitioner contends he was charged with first degree burglary "after he broke down the front door and entered his own residence, while in a domestic dispute with his common-law wife [Ms. Zulema Guadalupe Ramirez]". Petitioner's Objection to the Findings and Recommendation of the Magistrate at 4.  He asserts "[i]t must be noted at this point, that Ms. Ramirez did not have a restraining order against Petitioner, and the couple were not separated at the time of the incident." Id. at 4 n.2.  The state court docket sheets appear to corroborate petitioner's assertion, at least with respect to when a protective order was issued against petitioner.

demonstrate diligent pursuit. Petitioner was sentenced on September 21, 2004, but did not raise any issues with respect to his conviction or sentence until January 13, 2006 when he filed a state court post-conviction application. This is not a case where facts or exculpatory evidence were hidden from petitioner; the factual basis of his actual innocence claim was obvious from the date he was charged and the failure to inform him of the 85 percent rule[3] was apparent when he entered the Department of Corrections system. To the extent petitioner asserts a freestanding actual innocence claim, it is not cognizable in a federal habeas proceeding. *See* Herrera v. Collins, 506 U.S. 390, 400 (1993). Nor, given petitioner's failure to diligently pursue his claims, may he assert untimely constitutional claims, including that his guilty plea was not knowing and intelligent because he was not informed of the 85 percent rule. *See* Ferguson v. State, __ P.3d __, 2006 WL 2506490 (Okla. Crim. Aug. 30, 2006).

Based on its *de novo* review, the court concludes the Report and Recommendation should be adopted in its entirety. The Petition Under 28 U.S.C.

---

A review of the docket sheet in Ramirez v. Gutianez, Case No. PO-2004-1653 (Okla. Cty. D. Ct. filed July 8, 2004), reflects the Oklahoma Count District Court issued a protective order on July 9, 2004, which was served on petitioner on July 12, 2004. The incident giving rise to the burglary conviction arose on July 5, 2004, seven days earlier. State v. Gutianez, Case No. CF-2004-3932 (Okla. Cty. D. Ct. filed July 15, 2004).

[3] Pursuant to 21 O.S. § 13.1(12), persons convicted of first degree burglary "shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." In Ferguson v. State, __ P.3d __, 2006 WL 2506490 (filed Aug. 30, 2006), the Oklahoma Court of Criminal Appeals held a defendant's guilty plea is not voluntarily and intelligently made when the defendant is misadvised by counsel about his parole eligibility. Id. at ¶ 4.

§ 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is therefore is therefore dismissed as time-barred.  Judgment will issue accordingly.

It is so ordered this 26<u>th</u> day of September, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE